UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL JAY McCOLLUM,

Petitioner,

v.

WELCH, et al,

Respondents.

Case No. 3:12-cv-00394-MMD-VPC

ORDER

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a former Nevada state prisoner.[1] Before the Court is respondents' motion to dismiss. (Dkt. no. 14.)

I. **PROCEDURAL HISTORY**

On October 22, 1999, the State filed an indictment against petitioner which charged him with open murder. (Exhibit 1.)[2] On December 19, 2000, the state district court found petitioner competent to stand trial. (Exhibit 2.) On January 9, 2002, the State filed a motion for a psychiatric examination of petitioner. (Exhibit 3.) On January 17, 2002, the parties stipulated to a psychiatric examination of petitioner. (Exhibit 4.) On April 11, 2002, petitioner pled guilty to second degree murder. (Exhibits 5, 6, 7.) On April 22, 2002, the judgment of conviction was entered, by which petitioner was sentenced to a minimum of ten (10)

---

[1] Nevada Department of Corrections' records indicate that petitioner has been released from custody. http://www.doc.nv.gov/inmatesearch/form.php

[2] The exhibits referenced in this order are found in the Court's record at dkt. no. 15.

years and a maximum of twenty-five (25) years imprisonment, with 890 days credit for time served. (Exhibit 8.) Petitioner did not file a direct appeal.

Seven (7) years later, on December 2, 2009, petitioner filed a document in the Nevada Supreme Court entitled "request for reconsideration for time served of jail time credits." (Exhibit 9.) On December 23, 2009, the Nevada Supreme Court declined to exercise original jurisdiction and ruled that a challenge to computation of time served must be raised in a post-conviction habeas petition filed in the state district court. (Exhibit 10.) A notice in lieu of remittitur issued on January 19, 2010. (Exhibit 11.)

On March 11, 2010, petitioner filed a post-conviction habeas petition, raising six (6) grounds for relief, in the state district court. (Exhibit 14.) On May 20, 2010, the state district court granted the State's motion to dismiss the post-conviction habeas petition. (Exhibit 16.) On June 4, 2010, petitioner appealed. On September 10, 2010, the state district court entered Findings of Fact, Conclusions of Law, and Order, which dismissed the petition as untimely. (Exhibit 18.) On November 12, 2010, the Nevada Supreme Court filed an order affirming the dismissal of the post-conviction habeas petition because the petition was untimely under NRS 34.726(1) and petitioner failed to show that he had good cause to excuse the untimeliness of the petition. (Exhibit 19.) On December 30, 2010, the Nevada Supreme Court denied petitioner's request for rehearing. (Exhibit 20.) On January 24, 2011, remittitur issued. (Exhibit 21.)

On August 11, 2011, petitioner filed a federal petition in this Court, filed under case number 3:11-cv-00494-MMD-VPC. Petitioner asked this Court to grant his parole two (2) years before the expiration of his sentence on March 24, 2014, based on AB 510, which amended NRS 209.4465 as of July 1, 2007, to increase the amount of good-time credits from ten (10) per month to twenty (20) per month, and to refer him to a re-entry program pursuant to NRS 209.4886. (Exhibit 22; dkt. no. 3 in case number 3:11-cv-00494-MMD-VPC.) This Court dismissed the action for lack of prosecution and failure to obey the Court's order to file an amended petition. (Exhibits 23 & 24; dkt. nos. 17 & 21 in case number 3:11-cv-00494-MMD-VPC.)

Petitioner signed the federal petition in the instant case on July 23, 2012. (Dkt no. 1-1, at p. 9.) The petition contains three claims: (1) petitioner's due process and equal protection rights were violated because he was not awarded the correct amount of credits for time served at the Clark County Detention Center and/or the Nevada Department of Corrections; (2) petitioner's right to effective assistance of counsel was violated; and (3) his Fourth Amendment and Eighth Amendment rights were violated due to false imprisonment and miscalculation of his time credits. (Dkt. no. 1-1.)

## II. DISCUSSION

### A. Petition is Not Successive

Respondents argue that the instant petition should be dismissed as successive because it was dismissed by this Court.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). A successive petition requires petitioner to seek and obtain leave of the Ninth Circuit Court of Appeal to pursue habeas relief. *See* 28 U.S.C. § 2244(b)(3) *et seq*. In the prior habeas case in which petitioner challenged his conviction (case number 3:11-cv-00494-MMD-VPC), the Court dismissed the action because petitioner failed to obey the Court's order to file an amended petition. (Exhibits 23 & 24; dkt. nos. 17 & 21 in case number 3:11-cv-00494-MMD-VPC.) The prior habeas corpus petition was not decided on the merits, or dismissed as untimely but, rather, was dismissed based on a procedural reason — the failure to obey the Court's order to amend the petition and lack of prosecution. (Exhibit 24; dkt. no. 21 in case number 3:11-cv-00494-MMD-VPC.) Therefore, the instant habeas petition is not a successive petition subject to dismissal. *See Slack v. McDaniel*, 529 U.S. 473, 488-89 (2000); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). Respondents' motion to dismiss the instant petition as successive is denied; however, as explained below, the Court grants the motion to dismiss the petition as untimely.

### B. Petition is Untimely

Respondents argue that the instant petition is barred by the AEDPA one-year statute of limitations. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The AEDPA limitations period is tolled while a "properly filed application" for post-conviction relief is pending before a state court. 28 U.S.C. § 2244(d)(2). No statutory tolling is allowed for the period of time between finality of the appeal and the filing of a petition for post-conviction relief or other collateral review in state court, because no state court application is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). No statutory tolling is allowed for the period between the finality of an appeal and the filing

of a federal petition. *Nino*, 183 F.3d at 1007. The AEDPA limitations period is not tolled during the time that a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). An application for state post-conviction relief does not toll the AEDPA statute of limitations where the petitioner files it after the AEDPA statute of limitations has expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

A criminal defendant in Nevada has thirty (30) days from the entry of judgment to file his notice of appeal. Nev. R. App. P. 4(b). If the defendant does not seek direct review from the highest state court, the conviction becomes final when the time for seeking such review elapses. 28 U.S.C. § 2244(d)(1)(A); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007); *Wixom v. Washington*, 264 F.3d 894, 898 (9th Cir. 2001). Once the judgment of conviction is final, the defendant has 365 days to file a federal habeas petition. 28 U.S.C. § 2244(d).

In the present case, the judgment of conviction was entered on April 22, 2002. (Exhibit 8.) Petitioner did not file a direct appeal. The time for directly appealing the judgment of conviction expired thirty (30) days later, on May 22, 2002, the date of finality of the conviction. The AEDPA statute of limitations began running the next day, on May 23, 2002. The AEDPA statute of limitations expired one (1) year later, on May 23, 2003. Petitioner filed his federal habeas petition in this Court, at the earliest, on July 23, 2012.[3] (Dkt. no. 1-1, at p. 1.) As such, the federal petition is untimely by many years. Further, the Court notes that petitioner did not file his state habeas petition until May 11, 2010, which was well after the expiration of the AEDPA's statute of limitations in this case. (Exhibit 14.) An application for state post-conviction relief does not toll the AEDPA statute of limitations where the petitioner files it after the AEDPA statute of limitations

---

[3]The federal petition indicates that petitioner mailed his petition on August 11, 2011, according to page one of the petition. (Dkt. no. 1-1, at p. 1.) However, petitioner signed the petition on July 23, 2012. (Dkt. no. 1-1, at p. 9.) Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988). Therefore, the earliest that petitioner could have dispatched his petition was July 23, 2012.

5

has expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Therefore, the federal petition is untimely.

The United States Supreme Court has held that the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner did not oppose respondents' motion to dismiss. In the instant case, petitioner has not presented this Court with any argument or evidence that he is entitled to equitable tolling. As such, the federal habeas petition is subject to dismissal with prejudice as untimely.

### III.  CERTIFICATE OF APPEALABILITY

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); see also *United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.*; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the

petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

## IV. CONCLUSION

It is therefore ordered that the respondents' motion to dismiss (dkt. no. 14) is granted. The petition for a writ of habeas corpus is dismissed with prejudice as untimely.

It is further ordered that petitioner is denied a certificate of appealability.

It is further ordered that the Clerk shall enter judgment accordingly.

DATED THIS 6th day of February 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE